IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| COURTNEY PARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01080-JDB-egb |
| | ) | |
| MICHAEL W. PARRIS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

ORDER DISMISSING PETITION WITHOUT PREJUDICE,
DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT,
DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, Courtney Partin, an inmate currently confined in a Tennessee state prison, has filed a *pro se* habeas corpus petition and a motion for appointment of counsel. (ECF Nos. 1, 3.) The petition is before the Court for initial review.

Partin does not specify whether he brings his petition pursuant to 28 U.S.C. § 2441 or § 2254. Regardless, Petitioner does not state a claim for habeas relief under either statute, and thus the petition must be dismissed.

The inmate alleges that,

> while on lockdown for search by the [S]trike [F]orce [O]ne with [Warden] Michael W. Parris present[,] Strike Force One used excessive force and assaulted the Petitioner . . . . The Petitioner was placed in segregation for 21 days without a conviction or due process. The Petitioner . . . was denied medical treatment form [sic] then up until now. The petitioner is still in pain suffering and needing medical treatment for the damage done to his body, as well the petitioner is in fear for his safety.

(ECF No. 1 at 1-2.)

Petitioner further avers that he "filed a civil rights complaint on 6-24-16" in this judicial district regarding these events. (*Id.* at 2.) That case is currently pending. (*See Partin v. Unknown Named Defendants*, 16-cv-01178 (W.D. Tenn.).)

"Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus." *Theriot v. Shane Place,* No. 2:17-cv-53, 2017 WL 1905870, at *1 (W.D. Mich. May 10, 2017) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). "However, habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration." *Id.* (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). The inmate here complains only about his alleged mistreatment and the conditions of his confinement. He therefore does not state a claim for habeas corpus relief.

The proper vehicle for Partin's claims is 42 U.S.C. § 1983. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (conditions of confinement claims must be brought, if at all, under § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)); *see also Taylor v. Ives*, Civil No. 11-256-GFVT, 2012 WL 6506995, at *2 (E.D. Ky. Dec. 12, 2012) (inmate's challenge to "security classification" is a claim regarding conditions of confinement "which [could] only be asserted in a civil rights action . . ."); *Evans v. Eichenlaub*, No. 08-13469, 2008 WL 4771934, at *1 (E.D. Mich. Oct. 29, 2008) (inmate's allegation that prison did not provide him with adequate medical care challenged his conditions of confinement and therefore was not cognizable in habeas proceeding). As noted, Partin filed his claims under § 1983 in an earlier suit, which remains pending.

Accordingly, the petition is DISMISSED without prejudice. *See Martin*, 391 F.3d at 714 (the proper course is to deny the mislabeled habeas petition).

Petitioner's motion for appointment of counsel is DENIED as moot.

The Clerk is DIRECTED to close the case.

## APPEAL ISSUES

A habeas corpus petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate must issue if the petitioner demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court, having considered Petitioner's claims, finds that reasonable jurists could not conclude that dismissal of the petition for the reasons stated was debatable or wrong. The Court therefore DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.

IT IS SO ORDERED this 17th day of May 2017.

                                                    <u>s/ J. DANIEL BREEN</u>
                                                    UNITED STATES DISTRICT JUDGE